In the

# United States Court of Appeals
## For the Seventh Circuit

―――――――――――

No. 22-2087

MARY S. WILSON,

*Plaintiff-Appellant,*

*v.*

UNITED STATES OF AMERICA, *et al.,*

*Defendants-Appellees.*

―――――――――――

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 21 C 1955 — **Thomas M. Durkin**, *Judge.*

―――――――――――

ARGUED DECEMBER 7, 2022 — DECIDED AUGUST 1, 2023

―――――――――――

Before FLAUM, KIRSCH, and JACKSON-AKIWUMI, *Circuit
Judges.*

JACKSON-AKIWUMI, *Circuit Judge.* Mary Wilson was travel-
ing at Chicago's O'Hare airport with $33,783 in cash when the
U.S. Drug Enforcement Administration seized the money
based on suspicions that the proceeds were from illegal drug
activity. The DEA notified Wilson that it would declare the
seized cash as government property, a process known as ad-
ministrative forfeiture. Months later, the agency did precisely

that. When Wilson's attempts to challenge the forfeiture with the agency failed, she filed this lawsuit. The district court concluded that it lacked subject matter jurisdiction to set aside the declaration of forfeiture, so it dismissed the case. The district court was correct to dismiss the case, but Wilson's lawsuit fails on the merits, not necessarily for want of jurisdiction. Therefore, we affirm the judgment but modify it to indicate that the dismissal is with prejudice.

## I

The DEA seized the money Wilson was carrying on June 25, 2020, and then notified her on August 21, 2020, that the agency planned to administratively forfeit the money. This notice satisfied the requirement under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") that the agency send notice of any planned forfeiture no later than 60 days after seizure. 18 U.S.C. § 983(a)(1)(A).

The DEA notice stated that if Wilson wished to contest the forfeiture of the seized money, she had to file a "claim" with the DEA by September 25, 2020. The notice warned that failure to file a claim by the deadline would mean she waived her right to contest the forfeiture, and she would not be able to contest the forfeiture in any other proceeding, criminal or civil.

On September 18, 2020, Wilson's attorney attempted to contest the forfeiture but mistakenly filed the wrong form with the agency. The attorney filed a "petition for remission," which seeks to *reduce* the amount of seized money subject to forfeiture. *See* 28 C.F.R. §§ 9.3, 9.5. As indicated above, the proper and exclusive vehicle by which to challenge a forfeiture altogether is by filing a "claim." A claim forces the agency

to prove by a preponderance of the evidence that the seized property is subject to forfeiture. *See* 18 U.S.C. § 983(c).

Wilson's attorney realized the mistake about five months later and sent a letter to the DEA asking to correct the error. The DEA denied the request, reiterating that Wilson's failure to file a claim by the then-passed deadline barred any opportunity to contest the forfeiture. The forfeiture was going forward. Out of administrative options, Wilson filed this lawsuit.

## II

To initiate the lawsuit, Wilson filed a Motion to Recover Seized Property under Federal Rule of Criminal Procedure 41(g). But that rule, as the district court noted, is not the proper way to challenge an administrative forfeiture in federal district court. Rather, as we recently explained in a strikingly similar case, Rule 41(g) "is properly invoked to request the return of seized property *before* forfeiture proceedings have been initiated." *Troconis-Escovar v. United States*, 59 F.4th 273, 276 (7th Cir. 2023). By the time Wilson's attorney knocked on the district court's door, forfeiture proceedings against Wilson's property had already begun.

In dismissing Wilson's case, the district court highlighted a second problem with Wilson's motion: she asserted the court had alternative jurisdiction in equity when, in reality, the passage of CAFRA in 2000 changed the landscape. Now section 983(e) of CAFRA is "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute," and motions under the statute are permitted only when challenging the sufficiency of the government's notice to interested parties. 18 U.S.C. § 983(e)(5). Wilson did not assert any challenge to the notice she received from the DEA

about the forfeiture. Instead, Wilson's argument boiled down to a request for equitable relief—specifically that the district court exercise jurisdiction over her claim despite the statute only permitting sufficiency-of-notice challenges. The district court concluded that exercising so-called "equitable jurisdiction" over Wilson's claim would be inappropriate because the cases she relied on—those supporting the invocation of "equitable jurisdiction"—became outdated upon the passage of CAFRA. Because CAFRA only permits challenges to the sufficiency of an agency's notice, the district court concluded that it lacked jurisdiction and dismissed Wilson's case.

Lack of jurisdiction may or may not have been the appropriate grounds for dismissal; the question is not settled. As we recently observed, "[c]ourts disagree about the proper characterization of the CAFRA process: does it strip courts of jurisdiction to hear challenges that fall outside of section 983(e)'s ambit, or does it establish a mandatory claims-processing rule?" *Troconis-Escovar*, 59 F.4th at 277. Our *Troconis-Escovar* decision did not decide the question, and we need not either. "The difference between a jurisdictional bar and a mandatory claims-processing rule *can* be critical to a case's outcome." *Id*. at 278 (emphasis added). "But it is largely inconsequential where, as here, the government has not waived its enforcement of the precondition"—that is, its requirement that Wilson file a claim by the specified deadline. *Id*.

What we are left with are the merits. Again, Wilson does not claim the DEA's notice of its intended forfeiture was inadequate in any way. Apart from challenges based on notice, "Congress has authorized no other means for challenging a declaration of forfeiture" in federal court. *Id*. at 277. Wilson's motion fails.

What Wilson really seeks is equitable relief from the DEA's rule that claims must be filed by a deadline. But, just like the claimant in *Troconis-Escovar*, she "does not cite to (and we are not aware of) any post-CAFRA case in which a federal appeals court has endorsed that approach [*i.e.,* equitable relief] under similar circumstances." *Id*. at 278. Furthermore, equitable relief is inappropriate under the specific circumstances of her case. Wilson finds herself unable to challenge the forfeiture because her attorney made a mistake and failed to realize his error until it was too late, not because of extraordinary circumstances or government misconduct. We have held that "[c]areless mistakes of this type are not reason for courts to exercise their equitable powers to override statutory requirements." *Id*. We AFFIRM the judgment as amended.